9 F.3d 116
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Frank BOSCO, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Twin Pines Coal
Company, Respondents.
 No. 93-9507.
 United States Court of Appeals, Tenth Circuit.
 Oct. 22, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises from petitioner's claim for benefits under the Black Lung Benefits Act, 30 U.S.C. 901 et. seq. (1982). His claim was originally denied by an administrative law judge (ALJ), and that denial was affirmed by the Department of Labor Benefits Review Board (Board). An appeal was taken to this court, and we remanded the case to the ALJ with instructions to "fully articulate his assessment of the evidence under the proper legal standards." Bosco v. Twin Pines Coal Co., 892 F.2d 1473, 1481 (10th Cir.1989). The ALJ again denied benefits on remand, the Board affirmed, and the case is now before us on appeal for the second time.
 
 
 3
 We must determine whether the Board made any legal errors in affirming the ALJ's decision. Bosco, 892 F.2d at 1476. "Our review of alleged errors of law, and the effect they may have had on the benefits decision, must be made in light of the premise that " '[t]he Act is intended to be remedial in nature, and doubts should be resolved in favor of the disabled miner or his [or her] survivors.' " Id. (quoting Mangus v. Director, O.W.C.P., 882 F.2d 1527, 1530 (10th Cir.1989)).
 
 
 4
 Because we detailed the facts and applicable legal standards in our previous opinion, we will not reiterate them here, other than to state the basic provisions of the Act applicable to our holding. To be entitled to benefits under the Act, a claimant
 
 
 5
 must prove: (1) that he is totally disabled, (2) due to pneumoconiosis, (3) resulting from his coal mine employment. Under [20 C.F.R.] section 718.305, a miner who was employed in underground coal mines for fifteen years or more, and who is the victim of a totally disabling respiratory or pulmonary impairment, is entitled to a rebuttable presumption that he is totally disabled due to pneumoconiosis. Thus, by showing such an impairment plus fifteen years' work in underground mines, a claimant can establish the requisite causal connection between the disability and pneumoconiosis.
 
 
 6
 A claimant who is entitled to the above presumption also receives the benefit of an additional presumption provided by [20 C.F.R.] section 718.302, which states that a miner who has pneumoconiosis and has worked in the mines ten years is entitled to the rebuttable presumption that his pneumoconiosis arose out of such employment. This presumption establishes the necessary link between pneumoconiosis and employment in the mines. A miner with the requisite number of years in the mines may thus satisfy the causal connections among all the elements necessary to support a claim for benefits upon a showing that he is totally disabled by a respiratory or pulmonary impairment.
 
 
 7
 Bosco, 892 F.2d at 1476 (citation omitted;). Because Bosco satisfies the time requirements, he is entitled to the above presumptions if he satisfies the showing of total disability.
 
 
 8
 In the first appeal, we were unable to determine whether the ALJ considered the appropriate evidence at the appropriate stages of the analysis because there was no mention of the above presumptions or their applicability. Consequently, we remanded so that the ALJ could "fully articulate his assessment of the evidence under the proper legal standards." Bosco, 892 F.2d at 1481. After remand, the ALJ issued a second decision, which parallels his initial decision almost verbatim. The ALJ's second decision differs from the first in two respects; the ALJ's finding in his initial decision that "[c]laimant is totally disabled," R. Vol. I at 61, is omitted from his decision after remand, and the second decision contains a section entitled "20 CFR 718.305 persumption [sic]," which was apparently added after remand to address the directive of our opinion. The alterations do not, however, sufficiently clarify the ALJ's analysis in light of the legal standards so as to permit our effective review of the decision.
 
 
 9
 In determining whether to invoke the presumption under 718.305, only evidence relevant to existence of a totally disabling respiratory or pulmonary impairment should be considered. The criteria for that determination are set out in 718.204. "The existence of total disability must be ascertained only upon all the evidence, positive and negative, material to those criteria." Bosco, 892 F.2d at 1480. "[E]vidence relevant to whether pneumoconiosis is the cause of a claimant's total disability is not relevant at this qualifying stage." Id. Once the presumption is invoked, it may then be rebutted. "Evidence relevant to the existence of pneumoconiosis or a link to mine employment is thus relevant to [ ] rebuttal issues. Such evidence may not be considered in determining whether a claimant has triggered the presumption by showing total disability." Id. After reviewing the ALJ's decision, we are once again unable to determine whether he applied the proper legal standards in his assessment of the evidence and analysis thereof.
 
 
 10
 The ALJ, contrary to the finding in his initial decision, specifically found in his decision after remand that the evidence did not establish total disability and that petitioner was not entitled to the presumption. Brief in Support of Petition for Review, Attachment 2 at 11. In the very next paragraph and still under the "718.305 presumption" heading, however, he concluded "that the medical reports fail to establish that Claimant has pneumoconiosis or that he is totally disabled due to a respiratory or pulmonary condition arising out of his coal mine employment." Id. (emphasis added). As we held in our previous opinion, "[t]hese two conclusions relate to the second and third requirements for recovery, which must be assessed in light of the presumption accorded the claimant." Id. at 1480 (citation omitted). Despite the fact that the ALJ specifically found the evidence insufficient to establish a total disability, it appears that he may have "erroneously considered evidence relevant not just to total disability but to the existence of pneumoconiosis as well....The ALJ's failure to consider separately evidence relevant only to total disability renders it impossible for us to affirm." Bosco, 892 F.2d at 1481. It appears that, even though the ALJ stated that petitioner was not entitled to the presumption, he assessed rebuttal evidence, as if the presumption was in effect, and found it sufficient to establish that petitioner did not have pneumoconiosis arising from coal mine employment. If that is in fact the analytical framework employed by the ALJ, it is not in compliance with the proper legal standards, as detailed in our previous opinion.
 
 
 11
 The Board affirmed the ALJ's decision, finding that
 
 
 12
 Inasmuch as the administrative law judge found that the cause of claimant's impairment was not due to his coal mine employment, we hold that the administrative law judge effectively found that rebuttal of the presumption at Section 718.305 was established. In so holding, we will apply the administrative law judge's findings regarding Dr. Repsher and the weighting of the evidence to the proper regulation, which is the rebuttal provision found at Section 718.305(d). Any error the administrative law judge made regarding consideration of the evidence relevant to invocation of the presumption under Section 718.204(c)(1),(4) would therefore be considered harmless.
 
 
 13
 Brief in Support of Petition for Review, Attachment 1 at 5 (citations omitted). We disagree that any such error was harmless. At least two possibilities exist: (1) the ALJ considered only the evidence relevant to determination of a total disability in finding no such disability, not evidence bearing on whether pneumoconiosis arising out of coal mine employment was the cause of disability, and then went on to consider rebuttal evidence only as an alternative holding; (2) the ALJ considered evidence pertaining to whether petitioner had pneumoconiosis arising from his coal mine employment at the inappropriate stage. If the former were the case, then the Board's finding of harmless error may be correct. The latter possibility is evidenced by the ALJ's finding, at the end of his discussion of whether petitioner is entitled to the 718.305 presumption, that "the medical reports fail to establish that [petitioner] has pneumoconiosis or that he is totally disabled due to a respiratory or pulmonary condition arising out of his coal mine employment." Decision and Order on Remand at 11. Because we have no way of ascertaining which analytical path the ALJ followed in his consideration of the evidence, we cannot determine whether the ALJ's decision contains legal error.
 
 
 14
 As we held in our previous opinion, "in determining whether Bosco is entitled to the section 718.305 presumption, the ALJ must weigh all evidence relevant to Bosco's total disability, but only evidence bearing on that issue. If the presumption is triggered, [only then must the ALJ] determine whether defendants' evidence affirmatively establishes the lack of either pneumoconiosis or a link with Bosco's coal mine employment." Bosco, 892 F.2d at 1481.
 
 
 15
 REVERSED and REMANDED for further proceedings in light of this opinion.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3