13 F.3d 408
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UTAH POWER & LIGHT COMPANY; Energy Mutual Insurance
Company, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor; Leonard Wilson, Respondents.
 No. 93-9503.
 United States Court of Appeals, Tenth Circuit.
 Dec. 9, 1993.
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 This is a petition by a coal company and its insurer (petitioners) for review of an award of benefits under the Black Lung Benefits Act, 30 U.S.C. 901 to 945, to one of the company's former employees, Leonard Wilson. Wilson worked in underground coal mines for twenty-seven years, and his last job, which ended in 1987, was as a roof bolter for Utah Power & Light Company. Claiming disability due to pneumoconiosis, he applied for black lung benefits in 1988 and was initially determined to be eligible. Petitioners contested this determination, and an administrative law judge (ALJ) held a hearing at which Wilson and two experts offered by petitioners testified. The ALJ found Wilson totally disabled due to pneumoconiosis caused by coal mining and, therefore, entitled to benefits. The Benefits Review Board affirmed the ALJ's decision. Petitioners appeal the Board's decision and contend that several of the ALJ's determinations are not supported by substantial evidence.
 
 
 4
 We have jurisdiction under 30 U.S.C. 932(a), which incorporates by reference the judicial review provision of 33 U.S.C. 921(c). "Our task is to determine whether the Board properly concluded that the ALJ's decision was supported by substantial evidence." Hansen v. Director, OWCP, 984 F.2d 364, 368 (10th Cir.1993). Substantial evidence is evidence that a reasonable mind might find adequate to support a conclusion. Id. It is "more than a mere scintilla, and we must take into account whatever in the record fairly detracts from its weight." Garcia v. Director, OWCP, 869 F.2d 1413, 1415 (10th Cir.1989)(citations and quotations omitted). We cannot reweigh conflicting evidence; weighing evidence is solely within the province of the ALJ. Hansen, 984 F.2d at 368.
 
 
 5
 Benefits under the Act are available to claimants who are totally disabled due to pneumoconiosis arising out of coal mine employment. 30 U.S.C. 901(a). A claimant must first show that he or she suffers from pneumoconiosis as that term is defined in 20 C.F.R. 718.201. If a claimant suffering from pneumoconiosis worked in a coal mine for ten years or more, there is a rebuttable presumption that the pneumoconiosis arose out of coal mine employment. Id. 718. 203(b), 302. The claimant must also show that he or she is totally disabled and that the pneumoconiosis is at least a contributing cause of the disability. Id. 718.204(a); Mangus v. Director, OWCP, 882 F.2d 1527, 1531-32 (10th Cir.1989). Total disability means pneumoconiosis that prevents a claimant from performing his or her usual coal mine work and from engaging in other comparable and gainful work available in the immediate area of his or her residence. 20 C.F.R. 718.204(b). The claimant has the burden of showing inability to perform usual coal mine work; if he or she does so, the burden shifts to the employer to show the availability of other appropriate work. See Davis v. Director, OWCP, 936 F.2d 1111, 1115-16 (10th Cir.1991).
 
 
 6
 Petitioners claim that the ALJ erred in finding that Wilson had pneumoconiosis caused by coal mining, that he was totally disabled from doing his usual coal mine work, and that his current job as a ranch foreman did not constitute comparable and gainful employment. We address each of these contentions in turn.
 
 
 7
 The record contains considerable and conflicting evidence as to whether Wilson has pneumoconiosis. Six doctors gave opinions on this issue: Drs. Fennell, Bishop, and Farney, who are board certified in internal and pulmonary medicine and who examined Wilson; Dr. Bennion, Wilson's personal physician who is board certified in internal medicine and who also examined him; Dr. Repsher, who is board certified in internal and pulmonary medicine and who did not examine Wilson; and Dr. Rasmussen, who is identified in the record only as being associated with a clinic's division of pulmonary medicine and who also did not examine Wilson. Drs. Fennell, Bishop, and Rasmussen essentially found that Wilson's coal dust exposure caused chronic obstructive pulmonary disease (COPD) or chronic bronchitis. Dr. Bennion concluded that Wilson had COPD due to smoking and possibly to mining. Dr. Farney diagnosed asthma and possibly chronic bronchitis but concluded that neither condition was related to coal dust exposure. Similarly, Dr. Repsher diagnosed asthma and possibly COPD with neither related to dust exposure. After weighing the opinions of the various physicians, the ALJ determined that Wilson had chronic pulmonary disease causally related to coal dust exposure and that he had proved he had pneumoconiosis under 20C.F.R. 718.202(a)(4).
 
 
 8
 Petitioners contend there are a number of errors in the ALJ's determination. First, they argue that the opinions by Drs. Fennell, Bishop, Rasmussen, and Bennion do not constitute substantial evidence because they are not reasoned medical opinions as required by 718.202(a)(4). See Clark v. Director, OWCP, 917 F.2d 374, 376 (8th Cir.1990)(validity of medical opinion viewed in light of studies and objective indications on which it is based). We disagree. Each of the doctors' opinions indicates what his diagnosis was based on. For example, Dr. Fennell's report, which includes Wilson's history and physical examination results, indicates that his conclusion was based in part on a ventilatory study (showing moderate obstruction) and a blood-gas study (showing hypoxemia during exercise). Similarly, Dr. Rasmussen stated that he reviewed and relied on the medical evidence in the record including the opinions and testimony of the other doctors. He also identified the studies on which he relied. The ALJ noted that Dr. Bennion's opinion was inconclusive. We conclude that the opinions of Drs. Fennell, Bishop, and Rasmussen constitute substantial evidence of pneumoconiosis.
 
 
 9
 Petitioners also contend that the ALJ erred by accepting parts of Drs. Bishop's and Rasmussen's opinions while rejecting other parts, citing Twin Pines Coal Co. v. United States Department of Labor, 854 F.2d 1212, 1218 (10th Cir.1988). Dr. Bishop estimated that 60% of Wilson's lung disease was caused by coal dust, 20% by smoking,[2] and 20% by other factors, though he acknowledged that other doctors could disagree with his estimates. The ALJ disregarded the estimates themselves because they were too speculative, except to infer from them that Dr. Bishop believed coal dust exposure caused a substantial part of Wilson's disease. Dr. Rasmussen stated that he did not believe a diagnosis of asthma was justified. Relying on Drs. Farney and Repsher, the ALJ concluded that Wilson had some reversible asthma, essentially rejecting part of Dr. Rasmussen's opinion, but also concluded that Wilson had some irreversible obstructive disease as Dr. Rasmussen opined.
 
 
 10
 We see no error here. The ALJ obviously had to reconcile conflicting evidence, which is his responsibility. Hansen, 984 F.2d at 368; see also Russell v. Bowen, 856 F.2d 81, 83 (9th Cir.1988)(ALJ need not agree with everything expert says to find testimony constitutes substantial evidence).[3] Petitioners essentially argue for an all-or-nothing approach to accepting or rejecting doctors' opinions. Particularly in light of such conflicting evidence, an ALJ cannot be so restricted in his analysis.
 
 
 11
 Nor does Twin Pines support petitioners' argument. In Twin Pines, the ALJ, under interim regulations inapplicable here, relied on part of a doctor's opinion to find respiratory problems but ignored the remainder of the opinion, which stated that these problems were not related to coal dust exposure. Twin Pines, 854 F.2d at 1218. Because the "favorable" part of this opinion was the only evidence of pneumoconiosis, the court stated that the ALJ could not reject the doctor's conclusion unless substantial evidence supported that rejection. Id. at 1219. That is not the situation here.
 
 
 12
 Petitioners also contend that the ALJ improperly discounted Dr. Repsher's opinion on the basis that Dr. Repsher is a biased expert. The ALJ's decision does state that one of his colleagues has found Dr. Repsher to be too partial as an expert. However, the ALJ does not cite any specific record evidence indicating Dr. Repsher's bias. While it would be improper to discount an opinion on the basis of bias without citing specific evidence in the record, cf. Frey v. Bowen, 816 F.2d 508, 513, 515 (10th Cir.1987)(ALJ cannot assume treating physician is biased and must state specific reasons before rejecting opinion), we agree with the Benefits Review Board here that the ALJ's statements regarding Dr. Repsher were dicta. The ALJ did address Dr. Repsher's opinion and did consider it in weighing the evidence regarding pneumoconiosis. Though we do not condone unsubstantiated remarks regarding a doctor's partiality, we do not see any reversible error here.
 
 
 13
 We conclude that the ALJ's finding that Wilson has pneumoconiosis is supported by substantial evidence. We now turn to petitioners' arguments regarding total disability.
 
 
 14
 Total disability may be shown in four ways, three of which are relevant here: through pulmonary function tests, blood-gas tests, or a physician's reasoned medical judgment. 20 C.F.R. 718.204(c)(1), (2), (4). An ALJ cannot rely solely on any one of these criteria, but instead must consider all relevant evidence in determining disability. See Bosco v. Twin Pines Coal Co., 892 F.2d 1473, 1479 (10th Cir.1989). As with the existence of pneumoconiosis, the evidence concerning Wilson's total disability was conflicting, and petitioners allege the ALJ improperly resolved the conflict.
 
 
 15
 First, petitioners argue that the ALJ improperly weighed the results of pulmonary function and blood-gas tests. Several of each type of test were performed on Wilson, and only one result of each type "qualified" for disability purposes.[4] The ALJ found Wilson disabled based on the qualifying pulmonary function test because it was the most recent of that type of test performed. The ALJ also found that the qualifying blood-gas test evidenced disability because it was the only one taken after exercise, and Wilson's job as a roof bolter demanded occasional strenuous activity. We cannot say that the ALJ's choices among the conflicting evidence here were irrational and do not constitute substantial evidence.
 
 
 16
 Petitioners also challenge the ALJ's weighing of the medical opinion evidence of disability. In determining whether a claimant is disabled, an ALJ "must consider the nature of the claimant's coal mine work ... [and] compare the evidence of exertional requirements of the work with the medical opinions regarding the claimant's work capability." Shelton v. Old Ben Coal Co., 933 F.2d 504, 507 (7th Cir.1991). The ALJ found that Wilson's usual coal mine work as a roof bolter was occasionally strenuous based on Wilson's testimony, in which he described how bolts were installed in the mine roofs and stated that he at times had to work over his head with materials weighing up to thirty pounds.
 
 
 17
 The ALJ concluded Wilson could not do this work on a daily sustained basis because of his obstructive breathing impairment.
 
 
 18
 The ALJ discounted Dr. Farney's opinion that Wilson was not totally disabled because he found that Dr. Farney did not properly understand the physical demands of Wilson's job. See Walker v. Director, OWCP, 927 F.2d 181, 183-84 (4th Cir.1991)(where doctor is uninformed as to claimant's specific job requirements, opinion that he is not totally disabled is not substantial evidence). Dr. Farney concluded that Wilson would have difficulty performing strenuous tasks, particularly when exposed to cold air, but probably would be able to do the work of a roof bolter as he understood the job. At the hearing, Dr. Farney described strenuous work as such activities as mowing the lawn and hiking, activities which to the ALJ appeared much less strenuous than roof bolting. We cannot say that the ALJ erred in concluding that Dr. Farney misunderstood Wilson's job requirements.
 
 
 19
 Beyond this point, however, we have difficulty with the ALJ's handling, or lack thereof, of the remaining opinions regarding Wilson's disability. The ALJ's only discussion of these other opinions is as follows:
 
 
 20
 Dr. Fennell found claimant "moderately disabled by his lung disease." Dr. Bennion recites claimant's exertional dyspnea as part of his history, but does not himself appraise the degree of impairment. Dr. Bishop declared: "This patient has a fairly severe obstruction," and also: "Mr. Wilson has obstructive lung disease. It is moderate in nature. Some of it is reversible."
 
 
 21
 ALJ's November 2, 1990, decision and order awarding benefits at 8 (citations omitted). The ALJ does not indicate whether he considers these doctors' opinions supportive of or contrary to his finding of total disability.[5] However, we cannot interpret these opinions as substantial evidence of total disability. Not only are they ambiguous at best on this issue, but there also is no indication in the record that these doctors had any understanding of the exertional requirements of Wilson's usual mine work.
 
 
 22
 In addition, the ALJ's disability analysis ignores the opinions of Drs. Repsher and Rasmussen.[6] Dr. Repsher concluded that Wilson was not totally disabled, and Dr. Rasmussen concluded that he was. Though contradictory, both opinions cite the objective medical evidence and studies on which they are based and are reasoned opinions that could support different outcomes on the disability question. Because these opinions are relevant evidence that the ALJ must consider, Bosco, 892 F.2d at 1479, and because the ALJ appears to have considered the opinions of Drs. Fennell, Bennion, and Bishop that are not relevant evidence, we must remand the case to the ALJ for a redetermination of the question of total disability. See Shelton, 933 F.2d at 507 (appellate court "may neither fill in the gaps in the ALJ's reasoning ... nor decide the facts anew").
 
 
 23
 Finally, petitioners contend that the ALJ erred in not finding that Wilson's work as a ranch foreman constituted gainful work requiring skill comparable to his coal mine employment under 20 C.F.R. 718.204(b), thus precluding a finding of total disability. Petitioners have the burden of proof on this issue. Davis, 936 F.2d at 1116. The only relevant evidence presented was Wilson's testimony concerning his past coal mining jobs and his current job on the ranch. That testimony included his description of the difficulties and limitations he had in performing his ranch work because of his respiratory problems. The ALJ's resolution of this issue is supported by substantial evidence.
 
 
 24
 The decision and order of the Benefits Review Board is AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Wilson smoked approximately one-half to one pack of cigarettes a day for fifteen years. He quit smoking in 1966
 
 
 [3]
 By the same token, the ALJ did not err in rejecting Dr. Farney's opinion that Wilson had asthma. Choosing among conflicting opinions does not mean that the ALJ substituted his expertise for that of the physician, as petitioners claim. It means that the ALJ did his job
 
 
 [4]
 A test result "qualifies" by meeting the disability criteria contained in 20 C.F.R. Pt. 718, App. B and C
 
 
 [5]
 The ALJ appears to have considered them supportive of disability because in his causation analysis, he states:
 I conclude on the basis of the qualifying ventilatory study, the qualifying exercise blood gas study and the preponderance of the expert medical testimony that claimant has met his burden of showing that his coal dust-related pulmonary obstructive disease contributes to his total disability.
 ALJ's decision and order at 10.
 
 
 [6]
 The ALJ does refer to these doctors' opinions, as well as to Drs. Fennell's, Bennion's, and Bishop's opinions, in a paragraph in the disability section of his decision addressing Dr. Farney's conclusion that Wilson suffered from asthma. However, this paragraph appears to relate more to the following section on causation rather than to disability