52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Manuel MASCARENAS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent,
PITTSBURG & MIDWAY COAL MINING COMPANY, Real Party in Interest.
 No. 94-9550
 United States Court of Appeals, Tenth Circuit.
 April 12, 1995.
 
 1
 Before KELLY and SETH, Circuit Judges, and KANE,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Manuel Mascarenas petitions this court to review the decision of the Benefits Review Board (Board) affirming the administrative law judge's (ALJ) order on remand denying benefits under the Black Lung Benefits Act, 30 U.S.C. 901-945. The Pittsburg & Midway Coal Mining Co. is the responsible operator. Our jurisdiction arises from 33 U.S.C. 921(c), and we affirm.
 
 
 4
 Benefits under the Act are available to claimants who are totally disabled due to pneumoconiosis arising out of coal mine employment. 30 U.S.C. 901(a); Bosco v. Twin Pines Coal Co., 892 F.2d 1473, 1476 (10th Cir.1989). Petitioner claims the Board improperly deprived him of the presumption of total disability provided by 20 C.F.R. 718.204(c)(2) by directing the ALJ to reweigh the medical evidence after the ALJ originally awarded benefits.
 
 
 5
 Petitioner worked in coal mines for more than thirty-one years. He applied for benefits in 1981, and initially was determined to be eligible for benefits. The responsible operator contested that determination, and a hearing was held before an ALJ at which petitioner, his wife, and Dr. Scoggin testified. The parties stipulated that claimant suffered from simple pneumoconiosis. Dr. Scoggin had performed various tests on claimant, including arterial blood-gas tests. None of these tests demonstrated that claimant's pneumoconiosis was totally disabling. The ALJ also considered documentary evidence, including a report by claimant's physician and two "qualifying" arterial blood-gas tests. A test result "qualifies" by meeting the disability criteria contained in 20 C.F.R. Pt. 718, App. C.
 
 
 6
 In his first decision dated November 9, 1984, the ALJ concluded that claimant was totally disabled based on the two qualifying arterial blood-gas tests, pursuant to 20 C.F.R. 718.204(c)(2), and that he was disabled due to pneumoconiosis, applying the rebuttable presumption of 20 C.F.R. 718.305(a)(evidence of totally disabling respiratory or pulmonary impairment under section 718.204 gives rise to rebuttable presumption that miner is totally disabled due to pneumoconiosis).
 
 
 7
 The responsible operator appealed to the Board who remanded with directions for the ALJ to weigh the evidence proffered by Dr. Scoggin that claimant was not disabled. The ALJ then clarified that he rejected Dr. Scoggin's opinion because his arterial blood-gas test results were out of line with the two qualifying blood-gas tests, one of which was performed before Dr. Scoggin's tests, and the other after. The ALJ again awarded benefits.
 
 
 8
 The responsible operator appealed the ALJ's order on remand to the Board. The Board again remanded, holding that the ALJ could not reject Dr. Scoggin's opinion in its entirety for the sole reason that it was based in part on nonqualifying blood-gas studies. The ALJ was directed to consider Dr. Scoggin's opinion as a whole, to determine the weight to be accorded his opinion, to discuss the probative evidence contrary to a finding of disability, and to determine whether the evidence supporting a finding of disability outweighed the contrary evidence. On second remand, the ALJ considered and weighed Dr. Scoggin's opinion, and denied benefits. The Board affirmed.
 
 
 9
 We review the Board's decision "for errors of law and for adherence to the substantial evidence standard governing the Board's review of the [ALJ's] factual determinations." Maddaleni v. Director, OWCP, 961 F.2d 1524, 1525 (10th Cir.1992) (citations omitted). We cannot reweigh the evidence, but may only inquire whether evidence exists to support the ALJ's findings of fact. Hansen v. Director, OWCP, 984 F.2d 364, 368 (10th Cir.1993).
 
 
 10
 The ALJ was required to consider all of the evidence pertaining to whether claimant was totally disabled to determine if he was entitled to the section 718.305 presumption that the total disability was due to pneumoconiosis. Bosco, 892 F.2d at 1479, 1481; see 20 C.F.R. 718.204(c)(total disability shall be established under this subsection "[i]n the absence of contrary probative evidence"). The record indicates that when the ALJ considered all of the evidence, including Dr. Scoggin's full report and not just the arterial blood-gas studies, he concluded that plaintiff had not established he was totally disabled. Upon our review of the record, we cannot say that the ALJ's conclusion is not supported by substantial evidence.
 
 
 11
 The decision and order of the Benefits Review Board is AFFIRMED.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470