**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL SVETICH,

      Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT
OF LABOR,

      Respondent.

_____

U.S. STEEL MINING COMPANY,
INC.,

      Intervenor.

No. 01-9505
(No. 00-0363-BLA)
(Petition for Review)

---

**ORDER AND JUDGMENT**   *

---

Before **EBEL**, **KELLY**, and **BRISCOE**, Circuit Judges.

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Mike Svetich seeks review of the decision of the Benefits Review Board ("Board") affirming the administrative law judge's ("ALJ") denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-45 (the "Act"). U.S. Steel Mining Company is the responsible operator ("Operator"). *See* 20 C.F.R. §§ 725.491-725.493. Our jurisdiction arises pursuant to 33 U.S.C. § 921(c), and we affirm.

I.

Benefits are provided under the Act for a miner who establishes total disability from performing his usual coal mine work or from engaging in other work requiring comparable skills or abilities when that disability is due to pneumoconiosis that developed in part out of coal mine employment. 20 C.F.R. §§ 718.203-.204. The governing regulations also provide medical criteria which, if satisfied, establish a rebuttable presumption of such total disability. Under those regulations, total disability may be demonstrated by qualifying pulmonary function tests, by qualifying arterial blood-gas tests, or by a showing of pneumoconiosis combined with medical evidence of cor pulmonale. *Id.*

§ 718.204(b)(2). If total disability is not established by one of these medical criteria, it may alternatively be established by a physician who concludes that the miner's respiratory or pulmonary impairment prevents him from engaging in his prior work or other similar employment. *See id.*

## II.

It is uncontroverted that Mr. Svetich had forty-three and one-half years of coal-mine employment at his retirement in 1983. The district director of the Offices of Workers' Compensation Programs of the Department of Labor denied Mr. Svetich's prior claims for benefits in 1983 and 1995. In 1995 the director found that, although Mr. Svetich had established the existence of pneumoconiosis, the medical evidence did not support a finding of total disability either by results of objective tests or by a physician's opinion. Mr. Svetich filed a subsequent claim for benefits in 1997, asserting that there had been a material change in the condition on which the denial was based. *See* 20 C.F.R. § 725.309 (d)(2) (stating that a change in conditions may be asserted only for "those conditions upon which the prior denial was based"). He based the change in conditions on a 1997 arterial blood-gas test that, for the first time, unequivocally met the statutory requirements of total disability. The district director determined that Mr. Svetich was eligible for benefits based on this test, but the Operator contested that finding and requested a formal hearing.

At the hearing, the ALJ considered several medical reports. In three of the reports, the physicians concluded that Mr. Svetich was not totally disabled by his pulmonary condition. *See* Operator's Ex. 9, at 4 (1997 report from Dr. Farney stating that "there was no evidence of significant pulmonary impairment which might lead to disability from coal worker's pneumoconiosis," and that Mr. Svetich had "quite adequate levels of ventilation and gas exchange"); Director's Ex. 9, at 4 (Dr. Klepper's 1997 report stating that the "pulmonary condition does not cause any limitations of activity"); Operator's Ex. 25, at 2 (Dr. Repsher's 1999 report stating that Mr. Svetich's pulmonary function tests were "normal" and that he "has no impairment as a result of . . . coal workers pneumoconiosis" and "retains the respiratory capacity to do sustained, heavy, coal mine work").

Mr. Svetich's expert, Dr. James, noted that Mr. Svetich's arterial blood gas results were abnormal but that his exercise tolerance and lung function tests were normal for his age. Claimant's Ex. 8, at 5. He stated that he could "not determine with a reasonable degree of medical certainty that Mr. Svetich would be totally disabled as a consequence of his coal mine dust induced lung disease." *Id.* Based on these reports, the ALJ concluded that Mr. Svetich had failed to establish a material change in condition warranting the filing of the duplicate claim and that, notwithstanding the abnormal arterial blood-gas test, record evidence did not establish that Mr. Svetich was totally disabled from a respiratory

-4-

impairment. Mr. Svetich appealed and the Board upheld the ALJ's decision, finding that substantial evidence in the record supported the ALJ's findings and conclusions.

III.

On review, the court of appeals must "scrutinize the [review board's decision] for errors of law and for adherence to the substantial evidence standard governing the Board's review of the administrative law judge's factual determinations." *Maddaleni v. Dir., OWCP*, 961 F.2d 1524, 1525 (10th Cir. 1992) (quotations omitted) (alteration in original). "Our review of alleged errors of law, and the effect they may have had on the benefits decision, must be made in light of the premise that [t]he Act is intended to be remedial in nature, and doubts should be resolved in favor of the disabled miner or his [or her] survivors." *Bosco v. Twin Pines Coal Co.*, 892 F.2d 1473, 1476 (10th Cir. 1989) (quotations omitted) (alterations in original).

Mr. Svetich asserts that the Board misconstrued Dr. James' testimony by concluding that Dr. James did not find a totally disabling respiratory impairment. We disagree. As his report quoted *supra* shows, Dr. James clearly stated that he was unable to conclude that Mr. Svetich's respiratory impairment was totally disabling.

Mr. Svetich next asserts that the Board erroneously relied on Dr. Repsher's opinion because it was based on an inaccurate smoking history. We agree with the Board that any inaccuracy in the smoking history is not relevant to the issue of whether a totally disabling respiratory impairment exists. Therefore, it was not reversible error to consider Dr. Repsher's opinion in determining that issue. Further, even without Dr. Repsher's opinion, there is substantial medical evidence in the record to support the ALJ's conclusion that Mr. Svetich's respiratory impairment was not totally disabling, notwithstanding the arterial blood-gas test. The presumption of total disability arising from that test result was sufficiently rebutted by other lung function and exercise tolerance tests and by the medical opinions of Drs. Farney and Klepper. Because the ALJ's determination that Mr. Svetich is not totally disabled by his respiratory impairment is supported by substantial evidence, the Board properly affirmed the ALJ's order denying benefits. We therefore need not address Mr. Svetich's argument alleging error in the ALJ's determination that Mr. Svetich did not establish a material change in condition.

The petition for review is DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge